O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MINH T. TRAN, | ) | Case No. CV 10-7026 DDP (MLG) |
| Petitioner, | ) | **ORDER FINDING PETITION FOR WRIT OF HABEAS CORPUS TIMELY FILED AND REMANDING TO MAGISTRATE JUDGE** |
| v. | ) | |
| R. GROUND, Warden, | ) | [Docket No. 10] |
| Respondent. | ) | |

    Pursuant to 28 U.S.C. § 636, the court has reviewed the Petition for Writ of Habeas Corpus, all the records and files herein, and the Report and Recommendation of the United States Magistrate Judge ("Report"). The court disagrees with the Report denying the Petition with prejudice, finds that Petitioner timely filed his Petition under the mailbox rule, and remands the Petition to the Magistrate Judge for a decision on the merits.

**I.  BACKGROUND**

    Petitioner Minh T. Tran is serving a twenty-four year prison sentence for two counts of attempted murder and one count of conspiracy to commit assault with a deadly weapon, committed for the benefit of a street gang. Tran appealed his conviction to the

California Courts of Appeal, which affirmed the judgment on November 16, 2006. The California Supreme Court then denied Tran's petition for review, on February 28, 2007. (Report at 1-2.)

On May 21, 2007, Tran filed a habeas corpus petition in Los Angeles County Superior Court. The court denied the petition on June 7, 2007. Tran then filed a petition with the California Courts of Appeal on June 20, 2007. The appellate court denied the petition on September 25, 2007. (Id. at 2.) Tran contends that he then filed a petition with the California Supreme Court on October 9, 2007, by delivering the petition to prison authorities for mailing. Because he had not received any response, Tran sent a letter to the California Supreme Court on August 24, 2009, inquiring about the status of his alleged filing. On August 27, 2009, the Court's clerk responded, informing Tran that there was no record of any such filing. (Id. at 7.) According to Tran, he therefore resubmitted the petition on October 16, 2009. The California Supreme Court denied Tran's petition on April 14, 2010. (Id. at 2.)

Tran then filed this Petition on September 4, 2010. On December 15, 2010, Respondent filed a motion to dismiss, arguing that the petition is untimely. Tran filed an opposition on January 21, 2011. (Id. at 1-2.)

**II. DISCUSSION**

This Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, a prisoner in state custody typically must file a federal habeas petition within one year of the conclusion of direct review of the criminal conviction. Doe v. Busby, --- F.3d ----, 2011 WL 5027506, at *5

2

1  (9th Cir. Oct. 24, 2011) (citing 28 U.S.C. § 2244(d)).  The one-
2  year period is tolled, however, "during the time in which a
3  'properly filed' state habeas petition is pending."  <u>Triqueros v.</u>
4  <u>Adams</u>, --- F.3d ----, 1247, 2011 WL 4060503, at *3 (9th Cir. Sept.
5  14, 2011) (quoting 28 U.S.C. § 2244(d)(2)).  Thus, in California,
6  the statute of limitation is generally "tolled from the time the
7  first state habeas petition is filed until the California Supreme
8  Court rejects the petitioner's final collateral challenge."  <u>Nino</u>
9  <u>v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999) (footnote omitted).
10      A state habeas petition that is untimely under state law,
11 however, "is not 'properly filed' and does not trigger statutory
12 tolling under AEDPA."  <u>Triqueros</u>, 2011 WL 4060503, at *4.  "Under
13 California law, a habeas petition is timely if it is filed within a
14 'reasonable time.'"  <u>Maxwell v. Roe</u>, 628 F.3d 486, 496 (9th Cir.
15 2010) (quoting <u>Evans v. Chavis</u>, 546 U.S. 189, 198 (2006)); <u>see also</u>
16 <u>Carey v. Saffold</u>, 536 U.S. 214, 222 (2002) (explaining that
17 "California applies a general 'reasonableness' standard" to
18 determine timeliness).  Without clear direction from the California
19 courts, a federal court "must itself examine the delay in each case
20 and determine what the state courts would have held in respect to
21 timeliness."  <u>Evans</u>, 546 U.S. at 198.
22     Here, Tran's criminal conviction became final on May 29, 2007,
23 ninety days after the California Supreme Court denied his petition
24 for direct review.  <u>See</u> <u>Harris v. Carter</u>, 515 F.3d 1051, 1053 n.1
25 (9th Cir. 2008).  Tran timely filed his first state habeas corpus
26 petition before then, on May 21, 2007.  Tran also timely filed with
27 the California Courts of Appeal, one month after the Superior Court
28 denied his first petition.  The parties therefore agree that Tran

3

1 is entitled to tolling through September 25, 2007, when the
2 appellate court denied his second petition.
3 　　　　Thus, the remaining and likely dispositive timeliness question
4 is whether Tran "filed" his habeas petition with the California
5 Supreme Court on October 9, 2007, as he contends, by delivering the
6 petition to prison authorities for mailing, even though the Court
7 never filed it.  If so, Tran's federal petition is timely: Tran
8 would have (1) timely filed the California Supreme Court petition
9 two weeks after the appellate court denial on September 25, 2007,
10 (2) received the California Supreme Court's denial on April 14,
11 2010, and (3) filed this Petition less than five months later -
12 well within AEDPA's one-year statute of limitations.
13 　　　　The Ninth Circuit addressed a nearly identical situation in
14 Huizar v. Carey, 273 F.3d 1220 (9th Cir. 2001).  There, the court
15 held that a prisoner gets the benefit of the "prison mailbox rule"
16 - deeming a habeas petition filed "when the prisoner hands it over
17 to prison authorities for mailing" - even if the relevant court
18 never received or filed the petition.  Id. at 1223 (citing Houston
19 v. Lack, 487 U.S. 266 (1988)).  The court explained, however, that
20 the prisoner must also be reasonably diligent in following up on
21 the petition, to get the benefit of the mailbox rule.  See id.
22 　　　　As mentioned, the California Supreme Court never filed Tran's
23 alleged October 9, 2007 petition.  Tran, however, has provided his
24 prison mail log for May to October 2007, showing that he did in
25 fact mail something to the "Clerk of the Court" and the "Attorney
26 General's Office" on October 9, 2007.  (Pet. Ex. B.)  As Huizar
27 explained, "the prison's log of outgoing mail provides strong
28 evidence of the date [a prisoner] handed over his petition" for

4

filing. 273 F.3d at 1224. Tran's complete mail log also matches his state habeas filings exactly: he first mailed something to the "Clerk of the Los Angeles Superior Court" and "Attorney General's Office" on May 21, 2007; then mailed something to the "Clerk of the Court of Appeals" and "Attorney General's Office" on June 20, 2007; followed by the October 9, 2007 mailing to the "Clerk of the Court" and "Attorney General's Office." Further, Respondent has no suggestion as to what else the final mailing might be, other than Tran's habeas petition to the California Supreme Court.[1]

An inspection of Tran's allegedly resubmitted habeas petition, filed by the California Supreme Court on October 27, 2009, also supports his claim. (Lodged Doc. No. 7.) The petition, brief, declaration, and proof of service are all dated either "October 8, 2007" or simply "October 2007," with the month and year typed and the date handwritten.[2] These immaterial variations in date format and writing medium seem uncharacteristic of an intentional forgery. In addition, Tran used the July 1, 2005 version of California Judicial Council Form MC-275, despite the release of new versions in at least 2007 and 2009. Although Tran might have intentionally or inadvertently used the outdated version in 2009, the 2005 Form is consistent with his claim that he first filed in 2007.

Finally, in his Objections to the Magistrate Judge's Report, Tran suggests that: "All the court [has] to do is ask the Attorney General's [Office] to produce[ their] legal mail from [October 7,

---

[1] That Tran promptly filed his direct appeal and habeas petitions at each preceding step of the process, also supports his claim that he timely completed the last step.

[2] Tran also handwrote the date he resubmitted the petition, October 16, 2009, underneath the original date.

5

2007]. The record will show . . . a state habeas corpus on 10-9-2007." Of course, such a request could be disingenuous and intended to delay or mislead the court. But taken together with the other evidence, the court finds it more likely that Tran genuinely believes the Attorney General's Office has the alleged petition. For all these reasons then, the court concludes that Tran did file his habeas petition with the California Supreme Court by providing it to prison authorities for mailing on October 7, 2007.

The court also concludes that Tran was reasonably diligently in following up on his petition.[3] See Huizar, 273 F.3d at 1223. Here, Tran waited a little less than twenty-two months before writing to the California Supreme Court to inquire about his petition. Tran then promptly refiled his petition less than two months after receiving the Court's response. As the Ninth Circuit explained in Huizar, "twenty-one months[ is] not an unusually long time to wait for a court's decision."[4] Id. at 1224. Confirming this, a cursory search of habeas cases reveals that the California Supreme Court sometimes takes more than a year and a half even to deny petitions without explanation. See, e.g., Jones v. Grounds,

---

[3] There is, however, a circuit split as to this requirement. Compare Huizar, 273 F.3d at 1223, with Allen v. Culliver, 471 F.3d 1196, 1198 (11th Cir. 2006) (declining to impose a diligence requirement).

[4] The court recognizes that the facts in Huizar differed slightly, but finds the differences immaterial. In Huizar, the prisoner wrote to the court two months after receiving no response to his habeas petition, but then waited another twenty-one months before sending a new copy. See id. at 1224. Here, Tran waited twenty-two months before inquiring as to the status of his petition, but then promptly sent a new copy within two months. Accordingly, both prisoners showed reasonable diligence in checking their petition status and refiling within approximately two years.

6

No. CV 08-2147, 2011 WL 5075821, at *1 (C.D. Cal. Aug. 30, 2011) (eighteen months between filing and denial); <u>Villarruel v. McDonald</u>, No. CV 10-7176, 2011 WL 4499915, at *1 (C.D. Cal. June 27, 2011) (same). It was therefore reasonable for Tran to wait approximately twenty-two months before inquiring into the status of his habeas petition.[5] Indeed, requiring prisoners to follow up more quickly could lead to premature status inquiries, while petitions are simply pending.

**III. CONCLUSION**

For the foregoing reasons, the court finds that Petitioner timely filed his Petition under the mailbox rule, and remands the Petition to the Magistrate Judge for a decision on the merits.

IT IS SO ORDERED.

Dated: December 1, 2011

DEAN D. PREGERSON
United States District Judge

---

[5] It is also worth emphasizing that the court only finds twenty-two months reasonable in the context of the Ninth Circuit's diligence requirement to the prison mailbox rule - where the prisoner in fact initially filed his petition in a timely manner by providing it to prison officials for mailing, but through no fault of his own the relevant court did not receive or file it. This is, of course, distinct from the typical reasonableness inquiry required to determine the timeliness of habeas petitions to California state courts.