UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| MINH T. TRAN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>R. GROUND, Warden,<br><br>　　　　Respondent. | Case No. CV 10-7026-DDP (MLG)<br><br>ORDER DENYING CERTIFICATE OF APPEALABILITY |

Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts requires the district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to the petitioner. Because jurists of reason would not find it debatable whether this Court was correct in its ruling denying the petition, a COA is denied.

Before a petitioner may appeal the Court's decision denying his petition, a COA must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The Court must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App.P. 22(b).

1 | The court determines whether to issue or deny a COA pursuant to
2 | standards established in *Miller-El v. Cockrell*, 537 U.S. 322 (2003);
3 | *Slack v. McDaniel*, 529 U.S. 473 (2000); and 28 U.S.C. § 2253(c). A COA
4 | may be issued only where there has been a "substantial showing of the
5 | denial of a constitutional right." 28 U.S.C. § 2253 (c)(2); *Miller-El*,
6 | 537 U.S. at 330. As part of that analysis, the Court must determine
7 | whether "reasonable jurists would find the district court's assessment
8 | of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at
9 | 484, See also *Miller-El*, 537 U.S. at 338.
10 | In *Silva v. Woodford*, 279 F.3d 825, 832-33 (9th Cir. 2002), the
11 | court noted that this amounts to a "modest standard". (Quoting
12 | *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000)). Indeed,
13 | the standard for granting a COA has been characterized as "relatively
14 | low". *Beardlee v. Brown*, 393 F.3d 899, 901 (9th Cir. 2004). A COA
15 | should issue when the claims presented are "adequate to deserve
16 | encouragement to proceed further." *Slack*, 529 U.S. at 483-84,
17 | (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)); see also
18 | *Silva*, 279 F.3d at 833. If reasonable jurists could "debate" whether
19 | the petition could be resolved in a different manner, then the COA
20 | should issue. *Miller-El*, 537 U.S. at 330.
21 | Under this standard of review, a COA will be denied. In denying
22 | the petition for writ of habeas corpus, the Court concluded, for the
23 | reasons stated in the Magistrate Judge's Report and Recommendation,
24 | that Petitioner was not entitled to habeas corpus relief on his claims
25 | of instructional error and ineffective assistance of trial and
26 | appellate counsel, because he had failed to show that the state court
27 | decision was contrary to, or involved an unreasonable application of,
28 | clearly established federal law or Supreme Court precedent. *Harrington*

*v. Richter*, --- U.S. ---, 131 S.Ct. 770, 783-84 (2011). Petitioner cannot make a colorable claim that jurists of reason would find debatable or wrong the decision denying the petition. Thus, Petitioner is not entitled to a COA.

Therefore, pursuant to 28 U.S.C. § 2253, the Court DENIES a certificate of appealability.

Dated: August 21, 2012

Dean D. Pregerson
United States District Judge

Presented By:

Marc L. Goldman
United States Magistrate Judge